**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CRIMINAL CASE NO. 2:98-cr-00234-MR-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| McKINLEY DAVID LITTLEJOHN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter to the Court entitled "Re: Detainer," which the Court construes as a motion seeking release of a detainer [Doc. 75].

A jury found the Defendant guilty of two counts of aggravated sexual abuse on February 3, 1999. [Doc. 41]. At the time these offenses were committed, the Defendant was on parole for a state conviction for second degree murder. [See Doc. 46-1]. On August 5, 1999, the Honorable Lacy H. Thornburg sentenced the Defendant to a term of 240 months' imprisonment.[1] [Doc. 49]. On April 26, 2002, the Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. [Doc. 52]. The

---

[1] Following Judge Thornburg's retirement, this case was reassigned to the undersigned.

Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 in May 2003, which was denied. [Docs. 56, 58]. A subsequent motion to vacate was denied as well. [Docs. 62, 64].

On October 3, 2014, the Court received the present letter from the Defendant, who is currently incarcerated at FCI-Marianna. In his letter, the Defendant states that he has been informed that he is not eligible for release to a work release facility prior to his discharge because he is subject to a "very old detainer" for a parole violation. The Defendant asks the Court to adjudicate the parole violation and allow him to serve that sentence concurrently with his present sentence so that the detainer can be removed and he can be eligible for work release sooner. [Doc. 75].

The Court construes the Defendant's letter as a request for relief under the Interstate Agreement on Detainers Act ("IADA"). The IADA is a compact among forty-eight (48) states, the District of Columbia, and the Federal Government which allows a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner" by another state. 18 U.S.C. App. 2 § 2, Art. III. The purpose of the IADA is "to encourage the expeditious and orderly disposition of [pending] charges and determination of the proper status of any and all

detainers based on untried indictments, informations, or complaints" filed against prisoners. 18 U.S.C. App. 2, § 2, Art. I.  As the Supreme Court has explained, however, the IADA is limited to detainers lodged against prisoners with new criminal charges pending; it is not applicable to detainers based on parole violations.  See Carchman v. Nash, 473 U.S. 716, 726 (1985).  Accordingly, to the extent that the Defendant requests relief under the IADA, his motion must be denied.

To the extent that the Defendant seeks to attack the computation of his sentence, he must first exhaust all administrative remedies with the Bureau of Prisons before seeking review in federal court.  See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam).  Further, a claim attacking the computation of a sentence must be brought pursuant to 28 U.S.C. § 2241 in the district of confinement.  See United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); 28 U.S.C. § 2241(a).  For these reasons, this Court does not have jurisdiction to entertain the Defendant's request.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion [Doc. 75], is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge